IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLOYCE CULVER,

          Plaintiff,

vs.

          Case No. 06-3350-JTM

JAY SHELTON, et al.,

          Defendants.

MEMORANDUM AND ORDER

Cloyce Culver pleaded guilty in Meade County, Kansas District Court on June 4, 2002 to one count of aggravated indecent liberties with a minor in violation of K.S.A. 21-3504. (Case No. 02-CR-11.) Prior to the plea, Culver had also been charged with an additional count of rape, in violation of K.S.A. 21-3502. Culver moved to withdraw the plea, but this request was denied, and on January 7, 2003 he was sentenced to 88 months imprisonment. He appealed, alleging error in denying his request to withdraw his plea, but his conviction was affirmed by the Kansas Court of Appeals. *State v. Culver*, No. 90,456 (Kan. Ct. App. May 21, 2004). The Kansas Supreme Court denied his petition for review on September 14, 2004.

On April 4, 2005 the Meade County District Court denied Culver's motion for relief under K.S.A. 60-1507. (Case No. 05-CV-8.) This decision was affirmed by the Kansas Court of Appeals on May 5, 2006. The Kansas Court of Appeals affirmed the denial of Culver's K.S.A. 60-1507 petition. *Culver v. State*, No. 95,296 (Kan. Ct. App. May 5, 2006) The Kansas Supreme court denied Culver's petition for review on September 19, 2006.

Culver has now filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. He argues that he was denied effective assistance counsel, denied a fair trial, and subjected to prosecutorial misconduct. All of the relevant state court pleadings have been submitted to the court, which finds that no additional evidentiary hearing is necessary to resolve the petitioner's claims. Further, the court finds that those claims are without merit, and Culver's petition accordingly will be denied.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the issue before the court is whether the petitioner has shown that the state courts have acted contrary to or have unreasonably applied any clearly-established federal rights. 28 U.S.C. § 2254(d). The court finds that the petitioner has failed to meet this standard as to any of the cited errors of law.

As noted earlier, Culver pleaded guilty to one count of aggravated indecent liberties with a child. At the plea hearing, Culver affirmatively stated he did not want the charge read in open court because he understood the complaint. (R. III, at 2-3). He stated that he had graduated from high school, and understood what was going on in court. (*Id*. at 3). He said he understood the penalty for the offense, and that depending on his criminal history he could be imprisoned from 55 to 247 months. (*Id*. at 3-4). He understood he had a right to a jury trial, a right to cross-examine witnesses, the right to offer evidence on his own behalf, and the right to testify on his own behalf. (Id. at 4). He said he understood that if he pleaded guilty, he was giving up the right to appeal anything except the sentence to be imposed. (Id.) He affirmatively stated that he was satisfied with his counsel, who had explained to him each type of plea that he could enter in his case. (Id. at 4-5). He stated that no one had made any promises, outside of a possible plea agreement, that he had not been threatened or coerced, and that his plea was freely and voluntarily made. (Id. at 5-6). The government then gave

a factual basis for the plea, Culver agreed with that factual statement, and the court found that the state had made a prima facie case and accepted Culver's guilty plea. (*Id*. at 7).

First, the court finds that Culver has failed to show that the Kansas courts have acted contrary to or have unreasonably applied the rule requiring effective representation of counsel. Culver has failed to show that his counsel's performance fell below the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Culver argues his counsel waived the preliminary hearing, that counsel knew the victim's statement was false, and that counsel pressured and misled him into accepting the plea. However, the petitioner's current assertions are directly contradicted by his sworn statements at the plea hearing. At the hearing, Culver affirmatively stated that he had not been pressured into the plea, that it was his voluntary decision to plead guilty. He agreed to the government's factual narrative given as a basis for the plea. He expressed satisfaction with counsel, and indicated that no one had made any promises to him to induce his plea.

Culver also said he knew of his previous Oklahoma charges, but that he did not tell counsel about the charges because he believed they would be inevitably uncovered. (R. IV, 27-28). According to petitioner's counsel, he offered the plea agreement to Culver on the day the preliminary hearing was scheduled., and that he advised his client as to the possible sentences (*Id*. at 50-51.) The trial court explicitly advised Culver of his right to a preliminary examination, and the consequences of his waiver. Culver said he understood these consequences. (R. Case File 02-CR-11, at 15). The court found that Culver had knowingly, voluntarily, freely, and intelligently waived his right to preliminary examination. (Id at 16).

Culver has failed to show that his counsel's actions fell below any objective level of performance. The Kansas Court of Appeals, in rejecting his K.S.A. 60-1507 motion, found that Culver had previously advanced similar arguments as a basis for seeking withdrawal of his plea, that those arguments had been previously rejected, and held that there was no basis for reaching any different conclusion in the collateral challenge to the conviction. *Culver v. State*, No. 95,296 Slip op. at 6 (Kan. Ct. App. May 5, 2006). Given the explicit admissions by Culver at the plea hearing, this court is unable to state that the decision of the Kansas Court of Appeals was either contrary to or any unreasonable application of existing Supreme Court precedent. Culver has shown neither that his counsel's performance was deficient nor that he was prejudiced as a result.

Culver argues that the plea was involuntary and thus he was deprived of his right to a fair trial. The court finds that Culver has failed to show that the decision of the Kansas courts was a violation of his federal rights as failing to represent a voluntary expression of his own choice. *Kercheval v. United States*, 274 U.S. 220, 223 (1927). Here, as in his June 4, 2002 arraignment, Culver stated that he understood everything that was going on in court and that he understood the charge contained in the complaint. He stated that he understood the penalty for the offense, which, depending on his criminal history, could be anywhere from 55 to 247 months imprisonment . He understood that a plea of guilty would waive important rights, including his right to a jury trial, the right to offer evidence and to cross-examine, and to take the stand to testify for himself. He voluntarily agreed to give up the right to a preliminary hearing in accepting the plea agreement. He knew that by accepting the agreement, he gained an important benefit in the dismissal of the charge of rape. (R. IV at 13). From the record, there appears a substantial basis for the Kansas courts to find that Culver had made a knowing, intelligent, and voluntary plea. The Kansas Court of Appeals

4

explicitly found that the district court had made a good record at the plea hearing, and that Culver had admitted to the factual basis for the plea asserted by the state. *State v. Culver*, No. 90,456 Slip op. at 3.

A strong factual record exists, taken almost entirely from Culver's own sworn statements, to support the state court's finding that Culver's plea was voluntarily and knowingly made. Culver understood the plea and the rights he waived thereby, and understood that by entering into the plea he gained an important benefit. Culver has failed to show that the state court's ruling on the issue reflects either a contradiction or an unreasonable application of a right guaranteed by federal law.

Culver also argues that he was subjected to prosecutorial misconduct. Specifically, he claims that the victim agreed to make the complaint against him only after a long and coercive inquiry by various law enforcement agencies. However, this claim is newly minted here, and has not been previously presented to the state courts. Accordingly, the claim cannot be raised here since it was effectively abandoned in the state courts. *See State v. Edwards*, 260 Kan. 95, 98, 917 P.2d 1322 (Kan. 1996). That abandonment prevents raising the claim in the present federal habeas action, absent proof that there was good cause for his default and actual prejudice will result if the error is not remedied, or that a fundamental miscarriage of justice will occur. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Here, Culver has failed to show any justification for failing to present the issue previously. He has also failed to show any prejudice or the existence of any actual miscarriage of justice. In *Culver v. State*, No. 95,296 Slip op. at 8 (Kan. Ct. App. May 5, 2006), the Kansas Court of Appeals found that Culver's argument attacking the credibility of the victim's statement was contradicted by his own voluntary plea of guilty to the charges against him. This conclusion was

reasonable and Culver has failed to demonstrate any justification now raising the claim of prosecutorial misconduct for the first time here.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007 that the petitioner's Petition for Habeas Corpus (Dkt. No. 1) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE